ALTENBERND, Chief Judge,
concurring.
The record on appeal in this case is limited. The final judgment of dissolution reveals that the former wife has primary residential responsibility for the couple’s only child. She received no alimony and modest child support. As equitable distribution, she received the marital home and a business property, both of which were apparently subject to mortgages. The “re-verter” clause described in the court’s opinion and a similar clause governing the business property were included in this final judgment by stipulation. These re-verter clauses were apparently designed to protect the former husband’s credit rating if the former wife failed to pay obligations upon which the former husband was liable. The record suggests that the business property has already reverted to the former husband.
The record does not establish the amount of equity, if any, that may exist in the two properties distributed to the former wife in the final judgment. On appeal, the former wife argues that these clauses result in a forfeiture and should not be enforced. I agree with the majority that this issue cannot be resolved on the face of this record, but I would emphasize that our opinion does not preclude further examination of this issue.
I am troubled by the whole concept of these reverter clauses. My concern is increased because the final judgment does not contain an award of at least minimal alimony to the former wife. The former wife clearly did not anticipate that she would have financial problems shortly after the entry of the judgment when she agreed to these clauses. However, without a provision for alimony in the final judgment there may be no provision that can be meaningfully modified to assist the former wife with these unexpected circumstances.
This case does not present this court with a record that would permit us to decide whether such clauses are void or voidable for reasons of public policy, but family law practitioners may wish to give further thought to these troublesome clauses.